6. APPEAL AND ERROR, § 726*—*necessity of proper certificate of evidence.* Where a complainant assigns as error a decree dismissing the bill for want of equity, the burden of showing that the decree was not warranted by the evidence cannot be sustained where complainant fails to file a proper certificate of evidence.

7. BILLS AND NOTES, § 446*—*sufficiency of evidence to establish ownership of note.* On a cross-bill raising the question of title to a note secured by a trust deed of which defendant was in possession, claiming to be a holder in due course, a decree finding affirmatively that plaintiff was the owner of the note and deed and that defendant was not a holder in good faith and for value in due course and had no title thereto, *held* sustained by the evidence.

---

## George M. Lyle, Appellee, v. Austin J. Sears, Jr., Appellant.

### Gen. No. 21,606.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. ANDREW D. WEBB, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Appeal dismissed. Opinion filed December 8, 1915.

### Statement of the Case.

Action by George M. Lyle, plaintiff, against Austin J. Sears, Jr., defendant, in the County Court of Cook county. From a judgment for plaintiff, defendant appeals.

FRANK J. HOGAN, for appellant.

CHARLES C. SPENCER, for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 671*—*when order extending time for filing bond invalid.* An order of the County Court extending the time for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

filing an appeal bond in an appeal granted by such court is invalid when made after the expiration of the time fixed by the order granting the appeal for filing the bond.

---

Thomas H. Kelly, Defendant in Error, v. Supreme Court of the Independent Order of Foresters, Plaintiff in Error.

## Gen. No. 20,085.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed December 8, 1915.

## Statement of the Case.

Action by Thomas H. Kelly, plaintiff, against the Supreme Court of the Independent Order of Foresters, defendant, in the Municipal Court of Chicago, to recover on a certificate of insurance. To reverse a judgment for plaintiff for $500, defendant prosecutes this writ of error.

The defendant is a fraternal insurance society, made up of the Supreme Court of the order and subordinate courts. The defendant issued a certificate to the plaintiff for the sum of $1,000, and the beneficiary therein named was Carrie McLaughlin, plaintiff's mother. It provided, among other things, that in case the plaintiff was totally and permanently disabled by reason of accident (of which disability the executive council was to be the sole judges), one-half of the certificate—$500 —should be paid to Kelly. The by-laws, which were made a part of the certificate, defined total disability to be that the member be "forever totally unfit to follow or direct any employment, labor, trade, occupation, business or profession." Certain dues and assessments were to be paid by the member each month, with